**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BETTER BROWSING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>LENOVO GROUP LTD.,<br><br>    Defendant. | Civil Action No. 2:23-cv-00301<br><br>**JURY TRIAL DEMANDED** |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Better Browsing LLC ("Better Browsing" or "Plaintiff") files this Complaint against Defendant Lenovo Group Ltd., ("Defendant" or "Lenovo") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

This is a patent infringement action against Defendant for infringement of the following United States Patents (the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO").

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| A. | 11,150,779 ("the '779 patent") | Systems And Methods For Providing An Internet Browser Zoom And Group Bookmark Functions | https://patentcenter.uspto.gov/applications/16361020<br><br>https://patents.google.com/patent/US11150779B2/en?oq=11%2c150%2c779 |
| B. | 8,838,736 ("the '736 patent") | Internet Browser Zoom Function | https://patentcenter.uspto.gov/applications/13207333<br><br>https://patents.google.com/patent/US8838736B2/en?oq=8%2c838%2c736 |

1.    Plaintiff seeks monetary damages and injunctive relief.

## PARTIES

2.    Plaintiff Better Browsing LLC is a limited liability company organized under the laws of the State of Texas, with its principal place of business in Austin, Texas (Travis County).

3.    Better Browsing is the owner of the Asserted Patents with all rights to recover for all past, present, and future infringement, including past damages.

4.    On information and belief, Defendant Lenovo Group, Ltd. is a corporation organized under the laws of China, having a registered office at 23rd Floor, Lincoln House, Taikoo Place, 979 King's Road, Quarry Bay, Hong Kong S.A.R. of China and having key operations centers at Lenovo HQ East, Building 1, No. 10 Courtyard Xibeiwang East Road, Haidian District, Beijing, 100094, China and 1009 Think Place, Morrisville, North Carolina, USA. On information and belief, Lenovo has, and controls and directs, wholly-owned U.S.-based subsidiaries including Lenovo (United States) Inc. and Motorola Mobility LLC.

5.    On information and belief, Defendant is engaged in making, using, offering for sale, selling, importing, or otherwise providing, within the United States and in particular the State of Texas and this Judicial District, directly or indirectly, devices, with features and functionalities that infringe the Asserted Patents.

## JURISDICTION AND VENUE

6.    Better Browsing repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

7. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–285, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

8. The Defendant is subject to this Court's personal jurisdiction consistent with the principles of due process and the Texas Long Arm Statute. Tex. Civ. Prac. & Rem. Code §§ 17.041, *et seq.*

9. On information and belief, jurisdiction and venue for this action are proper in this District.

10. This Court has personal jurisdiction over Defendant at least because, through Defendant's own acts directly, through, or in consort with others, such as its subsidiaries, intermediaries and affiliated companies, including without limitation, Lenovo (United States), Inc. and Motorola Mobility LLC, acting as its agents, representatives or alter egos (for example, operating in consort as a single entity called "Lenovo Group"), it (i) has a presence or regular and established place of business in the State of Texas and this Judicial District; (ii) has purposefully availed itself of the rights and benefits of the laws of the State of Texas and this Judicial District; (iii) has done and is doing substantial business in the State of Texas and this Judicial District, directly, through, or in consort with its subsidiaries, intermediaries and affiliated companies, both generally and, on information and belief, with respect to the allegations in this Complaint, including its one or more acts of infringement in the State of Texas and this Judicial District; (iv) maintains continuous and systematic contacts in the State of Texas and this Judicial District; and/or (v) places products alleged to be infringing in this Complaint in the stream of commerce, directly, through, or in consort with its subsidiaries, intermediaries and affiliated companies, with awareness that those products are likely destined for use, offer for sale, sale, and/or

importation in the State of Texas and this Judicial District. The actions of Defendant's subsidiaries, intermediaries, and affiliated companies, including without limitation, Lenovo (United States), Inc. and Motorola Mobility LLC, are imputable to Defendant.

11.    For example, Defendant sells and offers to sell infringing products through its website, Lenovo.com, which may be access throughout the United States, the State of Texas, and this District. As another example, Defendant, directly through, or in consort with its subsidiaries, intermediaries and affiliated companies, including without limitation, Lenovo (United States), Inc. and Motorola Mobility LLC, acting as its agents, representatives or alter egos (for example, operating in consort as a single entity called "Lenovo Group"), has authorized retailers and distributors in the State of Texas and this Judicial District for the products alleged to be infringing in this Complaint, and Defendant has derived substantial revenues from its infringing acts occurring within the State of Texas and this Judicial District.

12.    Defendant has derived substantial revenue from its contacts with the United States, the State of Texas, and this District. According to Defendant's most recent annual report, Defendant generated $71.6 billion in revenue globally, with $23.3 billion in revenue coming from the Americas region.[1] Institutional shareholders within the United States own over 2 billion shares of Defendant, representing 17.23% of Defendant's total outstanding shares.[2] Lenovo (United States) Inc. is listed as a Principal Subsidiary of Defendant and has $1 in issued and fully paid up capital/registered capital, 100% of which is held by

_____

[1]  https://doc.irasia.com/listco/hk/lenovo/annual/2022/ar2022.pdf at 216 (last visited June 12, 2023).
[2] *Id.* at 112.

Defendant.[3]  Motorola Mobility LLC is listed as a Principal Subsidiary of Defendant and has issued and fully paid up capital/registered capital, 100% of which is held by Defendant.[4]

13.   Defendant has established sufficient minimum contacts with the State of Texas and this Judicial District such that it should reasonably and fairly anticipate being brought into court in the State of Texas and this Judicial District without offending traditional notions of fair play and substantial justice; and Defendant has purposefully directed activities at residents of the State of Texas and this Judicial District. Moreover, the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing activities. On information and belief, a substantial part of the events giving rise to Plaintiff's claims, including acts of patent infringement, have occurred in the State of Texas and this Judicial District.

14.   Venue is proper in this Judicial District as to Defendant under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

15.   Venue is proper as to Defendant because, on information and belief, it is a foreign entity, as identified above in paragraph 3.  *See* 28 U.S.C. § 1391(c); *In re HTC Corp.*, 889 F.3d 1349, 1357 (Fed. Cir. 2018) (holding that "[t]he Court's recent decision in *TC Heartland* does not alter" the alien-venue rule).

### THE ACCUSED PRODUCTS

16.   Better Browsing repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

---

[3] *Id.* at 271.
[4] *Id.* at 272.

17.   Lenovo makes, has made, uses, causes to be used, imports, provides, supplies, distributes, or offers computer products, including, but not limited to, the Chromebook Duet 5, Chromebook Duet 3, IdeaPad Flexi 3i Chromebook, IdeaPad Slim 3i Chromebook, IdeaPad Slim 3 Chromebook, and Chromebook 3 Mediatek, all of which come preloaded with the Google Chrome internet browser software.



*Figure 1*. Screenshot of user review of the Lenovo Chromebook 3 displaying the
Google Chrome software preloaded on the device.[5]

18.   Based upon public information, Lenovo owns, operates, advertises, controls, sells, imports, and/or offers for sale, and instructs its subsidiaries, affiliates, and end users to use the

---

[5] The user review can be accessed at https://www.youtube.com/watch?v=JfZR6Q7qHfY (last visited June 13, 2023).

hardware, software, and functionality that allows users to use the Google Chrome internet browser to operate and display web browser functions, including group bookmarking and web page zooming ("Accused Products").



*Figure 2A.* Screenshot of Google Chrome user interface for group bookmarking all presently open tabs.



*Figure 2B.* Screenshot of shortcut icon for group bookmark created in Figure 2A.



*Figure 2C:* Screenshot of additional group bookmarking functionalities found in the group bookmark manager tab in Google Chrome.



*Figure 2D:* Screenshot of zoom icon in Google Chrome, which enables zoom functionality.

19.    The Accused Products are available for sale at https://www.lenovo.com/us/en/laptops, in addition to various retailers, including, but not limited to, Best Buy, Walmart, Staples, and Microcenter.  Users may begin using the Google Chrome internet browser immediately after purchase.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 11,150,779**

20. Better Browsing repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

21. The USPTO issued the '779 patent on October 19, 2021, after full and fair examination of Application No. 16/361,020 which was filed on March 21, 2019. *See* '779 patent at p.1.

22. Better Browsing owns all rights, interest, and title in and to the '779 patent, including the sole and exclusive right to prosecute this action and enforce the '779 patent against infringers, and to collect damages for all relevant times.

23. The claims of the '779 patent are not directed to an abstract idea. For example, claim 1 of the '779 patent recites a specific and multi-step method to operate zoom and group bookmarking functions in a web browser concurrently connected to a plurality of website domains via a network. The claimed inventions of the '779 patent are not limited to well-understood, routine, or conventional activity. Rather, the claimed inventions include inventive components that improve upon the experience of accessing and viewing pages on the Internet and operating a web browser concurrently connected to a plurality of website domains.

24. The written description of the '779 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

25. Lenovo has directly infringed the '779 patent by making, having made, using, testing, providing, supplying, distributing, selling, marketing, or offering the Accused Products to customers.

26.    Lenovo has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '779 patent.

27.    The method performed and supplied by the Accused Products includes the steps of: A computerized method for operating zoom and group bookmarking functions in a web browser concurrently connected to a plurality of website domains via a network, the computerized method comprising: loading, by the web browser, in a web browser instance, a plurality of webpages comprising text and image content, each webpage corresponding to a website from the plurality of website domains to which the browser is concurrently connected; receiving a user indication of a selection of a webpage, from among the plurality of webpages, and in response to receipt of such indication, causing the web browser to display the selected webpage in an active window of the web browser instance; displaying a zoom icon in a web browser display, wherein said zoom icon directly controls a zoom function for the selected webpage displayed in the active window of the web browser, wherein appearance of the zoom icon indicates a current zoom factor for said webpage; receiving a user indication of a selection of said zoom icon and, in response to receipt of such indication causing the web browser to perform the following actions for the selected webpage displayed in the active window of the web browser: change the current zoom factor for the selected webpage displayed in the active window without altering another of said plurality of webpages; and change appearance of the zoom icon to indicate the changed zoom factor for said selected webpage; wherein changing the zoom factor enlarges or makes smaller the selected webpage displayed in the active window without altering another of said plurality of webpages; displaying a selectable group bookmark icon in the web browser display, wherein said group bookmark icon controls a group bookmarking

function for the plurality of webpages associated with the plurality of website domains to which the browser is concurrently connected; receiving a user indication of a selection of said group bookmark icon and, in response to receipt of such indication, causing the web browser to perform the following actions: generate a group bookmark comprising a data structure storing at least the plurality of uniform resource locators associated with the plurality of website domains to which the web browser is concurrently connected; and save the generated group bookmark in memory.

28. For instance, Lenovo, using the Accused Products, makes, has made, uses, provides, supplies, distributes, sells, markets, or offers the Google Chrome browser that performs a method of operating zoom and group bookmarking functions in a web browser concurrently connected to a plurality of website domains via a network.

29. Better Browsing has been damaged as a result of the infringing conduct by Lenovo alleged above.   Lenovo is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

30. Better Browsing or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '779 patent.

31. Since at least the time of receiving this Complaint, Lenovo has also indirectly infringed and continues to indirectly infringe the '779 patent by inducing others to directly infringe the '779 patent.   Lenovo has induced and continues to induce end-users, including Lenovo's customers, as well as affiliates, subsidiaries, franchisees, and Lenovo's employees, to directly infringe, either literally or under the doctrine of equivalents, the '779

patent by downloading and/or using the Accused Products. Lenovo took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '779 patent, including, for example, claim 1 of the '779 patent.  Such steps by Lenovo include, among other things, advising or directing personnel, contractors, affiliates, subsidiaries, franchisees, or end-users to make or use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Lenovo is performing these steps, which constitutes induced infringement with the knowledge of the '779 patent and with the knowledge that the induced acts constitute infringement. Lenovo is aware that the normal and customary use of the Accused Products by others would infringe the '779 patent. Lenovo's inducement is ongoing.

32.   Lenovo has also indirectly infringed by contributing to the infringement of the '779 patent. Lenovo has contributed to the direct infringement of the '779 patent by its personnel, contractors, and customers.  The Accused Products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '779 patent, including, for example, claim 1 of the '779 patent.  The special features include, for example, the method recited in claim 1, including all the intermediary steps, that allow the claimed method to operate zoom and group bookmarking functions in a web browser concurrently connected to a plurality of website domains via a network.  The special features constitute a material part of the invention of one or more of the claims of the '779 patent and are not staple articles of

commerce suitable for substantial non-infringing use. Lenovo's contributory infringement is ongoing.

33.    Lenovo has had knowledge of the '779 patent at least as of the date when it was notified of the filing of this action.

34.    Furthermore, on information and belief, Lenovo has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Better Browsing's patent rights.

35.    Lenovo's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Lenovo.

36.    Lenovo's direct and indirect infringement of the '779 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

37.    Better Browsing has been damaged as a result of the infringing conduct by Lenovo alleged above. Thus, Lenovo is liable to Better Browsing in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

38.    Better Browsing has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Better Browsing has and will continue to suffer this harm by virtue of Lenovo's infringement of the '779 patent. Lenovo's actions have interfered with and will interfere with Better Browsing's ability to license technology. The balance of hardships favors Better Browsing's ability to commercialize its own ideas and technology. The public interest in allowing Better

Browsing to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 8,838,736**

39.   Better Browsing repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

40.   The USPTO issued the '736 patent on September 16, 2014, after full and fair examination of Application No. 13/207,333, filed on August 10, 2011.  *See* '736 patent at p.1.

41.   Better Browsing owns all rights, interest, and title in and to the '736 patent, including the sole and exclusive right to prosecute this action and enforce the '736 patent against infringers, and to collect damages for all relevant times.

42.   The claims of the '736 patent are not directed to an abstract idea.  For example, claim 1 of the '736 patent recites a method to operate zoom function on a web browser.  The claimed inventions of the '736 patent are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the experience of accessing and viewing pages on the Internet and operating a web browser concurrently connected to a plurality of website domains.

43.   The written description of the '736 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

44.    Lenovo has directly infringed the '736 patent by making, having made, using, testing, providing, supplying, distributing, selling, marketing, or offering the Accused Products to customers.

45.    Lenovo has directly infringed, either literally or under the doctrine of equivalents, at least claim 1 of the '736 patent.

46.    The methods performed and supplied by Lenovo includes a method for a zoom function on a web browser, comprising: presenting to a user an icon shown on a web browser display wherein said icon directly controls a zoom function (hereinafter: the zoom icon) for webpages displayed in at least an active window, wherein appearance of the zoom icon indicates a current zoom factor; wherein a selection of said zoom icon directly causes the web browser to perform both the following actions: changing zoom factor for one or more selected webpages displayed in said at least an active window; and changing appearance of the zoom icon to indicate the current zoom factor for said one or more selected webpages..

47.    For instance, Lenovo, using the Accused Products, makes, has made, uses, provides, supplies, distributes, sells, markets, or offers the Google Chrome browser that performs a method of operating zoom and group bookmarking functions in a web browser concurrently connected to a plurality of website domains via a network.

48.    Better Browsing has been damaged as a result of the infringing conduct by Lenovo alleged above. Lenovo is liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

49. Better Browsing or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '736 patent.

50. Since at least the time of receiving this Complaint, Lenovo has also indirectly infringed and continues to indirectly infringe the '736 patent by inducing others to directly infringe the '736 patent. Lenovo has induced and continues to induce end-users, including Lenovo's customers, as well as affiliates, subsidiaries, franchisees, and Lenovo's employees, to directly infringe, either literally or under the doctrine of equivalents, the '736 patent by downloading and/or using the Accused Products. Lenovo took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Products in a manner that infringes one or more claims of the '736 patent, including, for example, claim 1 of the '736 patent. Such steps by Lenovo include, among other things, advising or directing personnel, contractors, affiliates, subsidiaries, franchisees, or end-users to make or use the Accused Products in an infringing manner; advertising and promoting the use of the Accused Products in an infringing manner; or distributing instructions that guide users to use the Accused Products in an infringing manner. Lenovo is performing these steps, which constitutes induced infringement with the knowledge of the '736 patent and with the knowledge that the induced acts constitute infringement. Lenovo is aware that the normal and customary use of the Accused Products by others would infringe the '736 patent. Lenovo's inducement is ongoing.

51. Lenovo has also indirectly infringed by contributing to the infringement of the '736 patent. Lenovo has contributed to the direct infringement of the '736 patent by its personnel, contractors, and customers. The Accused Products have special features that are specially

designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '736 patent, including, for example, claim 1 of the '736 patent. The special features include, for example, the method recited in claim 1, including all the intermediary steps, that allow the claimed method to operate zoom functions in a web browser. The special features constitute a material part of the invention of one or more of the claims of the '736 patent and are not staple articles of commerce suitable for substantial non-infringing use. Lenovo's contributory infringement is ongoing.

52. Lenovo has had knowledge of the '736 patent at least as of the date when it was notified of the filing of this action.

53. Furthermore, on information and belief, Lenovo has a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Better Browsing's patent rights.

54. Lenovo's actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Lenovo.

55. Lenovo's direct and indirect infringement of the '736 patent is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent.

56. Better Browsing has been damaged as a result of the infringing conduct by Lenovo alleged above. Thus, Lenovo is liable to Better Browsing in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

57. Better Browsing has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law. Better Browsing has and will

continue to suffer this harm by virtue of Lenovo's infringement of the '736 patent. Lenovo's actions have interfered with and will interfere with Better Browsing's ability to license technology.  The balance of hardships favors Better Browsing's ability to commercialize its own ideas and technology.  The public interest in allowing Better Browsing to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

58.    Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

59.    WHEREFORE, Better Browsing requests that the Court find in its favor and against Lenovo, and that the Court grant Better Browsing the following relief:

   a.    Judgment that one or more claims of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Lenovo or all others acting in concert therewith;

   b.    A permanent injunction enjoining Lenovo and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patents by such entities;

   c.    Judgment that Lenovo account for and pay to Better Browsing all damages to and costs incurred by Better Browsing because of Lenovo's infringing activities and other conduct complained of herein;

d.  Judgment that Lenovo's infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.  Pre-judgment and post-judgment interest on the damages caused by Lenovo's infringing activities and other conduct complained of herein;

f.  That this Court declare this an exceptional case and award Better Browsing its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.  All other and further relief as the Court may deem just and proper under the circumstances.

Dated: <u>June 23, 2023</u>          Respectfully submitted,

By: */s/ C. Matthew Rozier*

C. Matthew Rozier (CO 46854) *
**ROZIER HARDT MCDONOUGH, PLLC**
500 K Street
2nd Floor
Washington, District of Columbia 20005
Telephone: (720) 820-3006
Email: matt@rhmtrial.com

James F. McDonough, III (GA 117088) *
Jonathan R. Miller (GA507179) *
Travis E. Lynch (GA 162373) *
**ROZIER HARDT MCDONOUGH, PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone (470) 480-9505, -9517, -9514
Email: jim@rhmtrial.com
Email: miller@rhmtrial.com
Email: lynch@rhmtrial.com

Jonathan L. Hardt (TX 24039906) *
**ROZIER HARDT MCDONOUGH, PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

**Attorneys for Plaintiff *BETTER BROWSING LLC***

*Admitted to the Eastern District of Texas